UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  THE MOBILE TEAM, LLC                              Case No. 10-31771-DOT
       Chapter 7 Debtor

## MEMORANDUM OPINION AND ORDER

Harry Shaia Jr., chapter 7 trustee in this converted case, filed a motion to require debtor's counsel, the firm of Hirschler Fleischer, P.C., to disgorge the retainer paid by debtor to counsel prior to the filing of debtor's chapter 11 petition. Hirschler Fleischer opposes the motion and requests the court to allow it to draw on the balance of its pre-petition retainer. Both parties filed memoranda in support of their requests, and hearing was held on November 10, 2010, at which the court heard argument and took the matter under advisement.

Facts.

The Mobile Team, LLC, filed a chapter 11 bankruptcy petition on March 15, 2010. It was represented by the law firm of Hirschler Fleischer, whose retention application, filed on April 2, 2010, stated that the firm had received a pre-petition retainer payment from the debtor in the amount of $78,250.00. The firm's Disclosure of Compensation filed with the retention application stated that it "continues to hold $50,541.93 of the Retainer." In subsequent filings Hirschler Fleischer has claimed to hold a retainer balance in the amount of $27,279.92.[1]

Hirschler Fleischer's retention application was approved by order entered March 13, 2010. Paragraph 6 of the retention order contained the following sentence:

---

[1]This balance has been stated in several papers filed by Hirschler Fleischer, including its notice of hearing for the September 8, 2010, hearing on its first fee application. However, the court has been unable to find an accurate accounting of the total pre-petition draw-down from the retainer. The figures recited in a footnote on pages 2-3 of its current brief do not produce a retainer balance of $27,279.92.

>Hirschler Fleischer shall have a security interest in the retainer and any additional retainer supplied by the debtor and as approved by the court."

This same sentence was included in the court's order of May 13, 2010, approving Hirschler Fleischer's retention.

Hirschler Fleischer filed its first application for fees and expenses on July 26, 2010, for services rendered to debtor during this chapter 11 case for the period March 15 through June 30, 2010, in the total amount of $37,220.15. Hearing on the application was held on August 18, 2010, at which the court approved the amounts requested but prohibited the payment of the fees until such later time as the court would direct. An order to that effect was entered, without objection, on September 8, 2010.

At a supplemental hearing on Hirschler Fleischer's fee application held on September 8, 2010, counsel for the unsecured creditor's committee noted that the case was probably administratively insolvent and argued that Hirschler Fleischer should not be allowed to draw on its retainer. The court directed the parties to submit briefs on the issue of whether Hirschler Fleischer's retainer balance could be applied toward payment of its approved fee. On that same date, the court ruled that debtor's chapter 11 case would be converted to a chapter 7. An order of conversion was entered on September 9, following which Harry Shaia Jr. was appointed chapter 7 trustee.

Subsequently, the law firm of Kaufman & Canoles, who had served as committee counsel in the chapter 11 case, was approved to serve as counsel to the chapter 7 trustee. On October 12, 2010, the trustee by his counsel filed the present motion to require Hirschler Fleischer to disgorge the retainer balance. On the same date Hirschler Fleischer filed its motion to allow the draw-down of the retainer balance against its fees previously approved by the court.

2

Position of the Parties.

In their papers filed on October 12, the parties argue the issue of whether Hirschler Fleischer has a right to draw the balance of its retainer in the asserted amount of $27,279.92.

HIRSCHLER FLEISCHER'S POSITION

Hirschler Fleischer asserts that it holds a security interest in the retainer as was provided in its retention agreement with debtor dated December 7, 2009, and also as stated in its retention application filed with the court and the court's order approving retention. Thus, it argues that it is entitled to apply the balance of the retainer to the fees approved in the court's order of September 8, 2010. *See In re Long Shadows, Inc.,* No. 90-32589-S, 1992 WL 12149034, at *1 (Bankr. E.D.Va. May 18, 1992) (attorney's reasonable attorney fees were payable from security retainer; subordination requirements of § 726(b) do not apply to security retainers).

TRUSTEE'S POSITION

The trustee opposes payment of any amount from Hirschler Fleischer's retainer to its approved fees and argues that the firm should be required to disgorge the retainer. The trustee relies on § 726(b) of the Bankruptcy Code, which provides in substance that when a chapter 11 case is converted to chapter 7, the administrative expenses of the chapter 7 case take priority over administrative expenses of the chapter 11. He asserts that if the chapter 7 estate is administratively insolvent, then administrative expenses of the chapter 11 receive no payment, citing *Shaia v. Durrett, Irvin, Lemons & Bradshaw, P.C. (In re Metropolitan Elec. Supply Corp.)*, 185 B.R. 505, 509 (Bankr. E.D.Va. 1995) (retainers held by debtors' attorneys are subject to disgorgement if estate funds are insufficient to pay chapter 7 administrative expenses); there is nothing in § 726(b) or elsewhere in the Code suggesting that a chapter 11 debtor's

3

counsel holding a secured retainer is favored over other professionals.

The trustee has not challenged the fact that Hirshcler Fleischer holds a security interest in the pre-petition retainer under the Virginia Uniform Commercial Code. However, the trustee argues that Hirschler Fleischer should not be allowed to claim a secured retainer because of the firm's conduct in the case. First, he points out that the attorneys' services in the case were of little benefit to unsecured creditors; the case was converted less than six months after filing, and no plan was ever proposed; liquidation appeared to be the only option from the beginning. Second, the law firm failed to properly disclose the amount of the retainer and may have paid itself $23,262.01 post-petition without court approval. (The retention application stated that the firm held a retainer balance of $50,541.93.) In other similar argument, the trustee states that § 105(a) authorizes the court to order disgorgement under circumstances of this case, which show that the case should never have been filed as a chapter 11. In addition, he calls to the court's attention the fact that the only full monthly payments during the case were by debtor to its principals, with *de minimus* payment of rent to landlords.

Finally, the trustee asserts that Hirschler Fleischer is not a "disinterested person" as required by Code § 327(a) for employment in the case because it is a creditor of the estate (see § 101(14)) and that the court should take a "second look" at the validity of the firm's employment.

Discussion and Conclusions of Law.

As a general proposition, the majority of published court decisions support Hirschler Fleischer's position that the secured status of its retainer takes it out of the strictures of § 726(b) of the Bankruptcy Code, which gives priority to chapter 7 administrative expenses in a case converted from chapter 11. This case law supporting Hirschler Fleischer's requested draw-down

4

of the balance of the retainer includes the previously cited 1992 decision of this court by Judge Shelley in *In re Long Shadows*, *Inc. See also Rus, Miliband & Smith, APC* v. *Yoo (In re Dick Cepek, Inc.,)*, 339 B.R. 730 (B.A.P. 9th Cir. 2006) ("most of the courts addressing the issue . . . have held that the security retainer is protected from disgorgement"); *In re Appalachian Star Ventures, Inc.*, 341 B.R. 222 (Bankr. E.D. Tenn. 2006). *See also* 3 *Collier on Bankruptcy* ¶¶ 328.02[4], 331.05[2][c] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2010).

The trustee has cited one contrary decision in which the bankruptcy court ruled that the chapter 11 debtor's counsel's security retainer extended solely to services performed prepetition. *See, In re Household Merit, Inc.*, 1996 Bankr. LEXIS 1910 (N.D.N.Y. Feb. 5, 1996) at *28.

Unless there are circumstances in this case that distinguish it from the majority of decisions on the security retainer issue, the court will follow Judge Shelley's ruling in *Long Shadows*, recognizing that an attorney holding a security retainer is a secured creditor whose retainer is not subject to disgorgement.

As noted above, the trustee seeks to distinguish the present case from *Long Shadows*; his argument consists of several parts, all of which the court must reject.

First, the trustee says that the case should never had been filed as a chapter 11, and that Hirschler Fleischer's services were of little benefit to creditors. The court does not agree and finds this argument as unproven. Moreover, the court approved the amount of the attorneys' first fee request without objection from any party.

Second, the trustee argues that in its retention application Hirschler Fleischer misstated the amount of retainer held at the time of filing the case and may have paid itself a significant sum post-petition without court approval. It is true that the retainer balance at filing was

misstated. However, since filing the application the firm has explained that an additional amount was paid prior to filing the case, and several times it has stated that it holds a retainer balance of $27,279.92. With one exception, which the court notes below, the court is satisfied with the attorneys' explanation regarding the retainer.

Finally, the trustee argues that Hirschler Fleischer is or was not "disinterested" as required for its appointment as counsel to the debtor pursuant to Code §§ 101(14) and 327(a). This argument is premised on the assertion that the law firm was a creditor of the debtor on the petition date due to the retainer arrangement and the possibility that the firm withdrew fees from the retainer post-petition without the court's approval. A similar argument was rejected in the cited case of *In re Dick Cepek*; the possession of a retainer does not disqualify the attorney from being retained under § 327(a). 339 B.R. at 739-740. *Collier* puts it this way:

> "The professional's status as a secured creditor by virtue of the retainer does not automatically disqualify the professional from being retained by the estate as required by section 327 of the Code so long as it has been fully disclosed and subjected to court scrutiny."

8 *Collier on Bankruptcy*, ¶ 328.02[4] (citations omitted).

The court having found that Hirschler Fleischer holds a security interest in the balance of the retainer it received pre-petition and that the firm is not subject to disgorgement of the retainer,

**IT IS ORDERED** that the trustee's motion to disgorge is **DENIED**.

**IT IS FURTHER ORDERED** that Hirschler Fleischer is directed to submit an order allowing it to withdraw the balance of its retainer against the fee approved by the court on September 8, 2010. This order must give an accurate accounting for the retainer, including all amounts previously drawn.

SIGNED: January 10, 2011      /s/ Douglas O. Tice Jr.
                                             DOUGLAS O. TICE JR.
                                             CHIEF JUDGE
                                             UNITED STATES BANKRUPTCY COURT

Copies to:

David K. Spiro
Sheila G. DeLa Cruz
Hirschler Fleischer, P.C.
P. O. Box 500
Richmond, Virginia 23218-0500
*Counsel for Chapter 7 Debtor*

Terry Catherine Frank
Kaufman & Canoles
P.O. Box 27828
Richmond, Virginia 23261
*Counsel for Chapter 7 Trustee*

Dennis T. Lewandowski
Kaufman & Canoles, P.C.
P.O. Box 3037
Norfolk, Virginia 23514
*Counsel for Official Committee of*
 *Unsecured Creditors*

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*